This matter is before the court on appeal from the Erie County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On April 16, 1997, this medical malpractice case went to a jury. Immediately after instructing the jury, the trial judge addressed the alternate juror as follows:
 "You are excused. I don't think anybody here looks — maybe some people want a cigarette, but they're not going to get it. But because there is nobody falling out, and nobody has gotten sick, thank goodness, you are excused. Now, I want to remind you that you are not to discuss your position on this thing until after your colleagues, your former colleagues now, have returned with a verdict. If you wish to remain around while they are deliberating, that is your privilege and your privilege alone."
Unbeknownst to the judge and the attorneys, the alternate juror accompanied the jury into the jury room. He remained in the room during deliberations. It was not until a verdict was reached that the judge learned that the alternate juror had sat in on deliberations. Consequently, the judge declared a mistrial. On appeal, appellant asserts the following assignments of error:
 "I. THE COURT ABUSED ITS DISCRETION IN DECLARING A MISTRIAL BASED UPON ALLEGED 'MISCONDUCT' BY THE ALTERNATE JUROR WHERE THE PRESENCE OF THE ALTERNATE JUROR IN THE JURY ROOM DID NOT IMPROPERLY INFLUENCE THE VERDICT.
 "II. SHOULD THIS COURT UPHOLD THE TRIAL COURT'S DECLARATION OF A MISTRIAL, THE DERIVATIVE CLAIMS FOR MEDICAL EXPENSES ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND SHOULD BE EXCLUDED."
In his first assignment of error, appellant contends the court erred in ordering a new trial based on the presence of the alternate juror during deliberations. Pursuant to Civ.R. 47(C), an alternate juror who does not replace a regular juror is to be discharged after the jury retires to consider its verdict.
It is well-settled that "[W]here there has been irregularity or misconduct on the part of the jury, which might affect its judgment, or improperly influence the verdict, a new trial should be granted. Where, however, it clearly appears that no improper effect could arise from the alleged misconduct, the verdict should stand." Armleder v. Lieberman (1877), 33 Ohio St. 77, paragraph one of the syllabus.
After the jury reentered the courtroom and without questioning any of the jurors, the trial judge announced: "[I] will read the verdict and then I will poll the jury and then I'm going to have to declare a mistrial." Both before and after the court sua sponte declared a mistrial, the alternate juror explained to the court that he mistakenly believed he was allowed in the jury room and, more importantly, that he contributed nothing to the deliberations. The trial judge disregarded the alternate juror's explanation.
Accordingly, we conclude that the trial court erred in a declaring a mistrial when there was no evidence of an improper effect on the verdict from the alternate juror's misconduct. Appellant's first assignment of error is found well-taken. Appellant's second assignment of error is hereby rendered moot.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas declaring a mistrial is reversed. The jury verdict is hereby reinstated. Costs assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. --------------------------- JUDGE
Richard W. Knepper, J. CONCUR. --------------------------- JUDGE
James R. Sherck, J., dissents and writes separately.